IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| AUBES E-COMMERCE (SHANGHAI) CO., LTD., a Chinese limited liability company; SHENZHEN MINSHI INNOVATION TECHNOLOGY CO., LTD, a Chinese limited liability company; GUANGZHOU QISHENG AUTO CO., LTD., a Chinese limited liability company; DONGGUAN XIAOSHUYE ZHAOMING TECHNOLOGY CO., LTD. a Chinese limited liability company; and MANCHE LIMITED, a Hong Kong limited liability company,<br><br>        Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>RVLOCK & CO., LLC, a Utah limited liability company,<br><br>        Defendant and Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER GRANTING RVLOCK & CO, LLC'S MOTION FOR DEFAULT JUDGMENT ON ITS COUNTERCLAIMS, DISMISSAL OF PLAINTIFFS' CLAIMS, AND PERMANENT INJUNCTION**<br><br>Case No. 1:25-cv-00114<br><br>Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

This matter is before the court on Defendant and Counterclaim Plaintiff RVLock & Co's (RVLock) Motion for Default Judgment on its Counterclaims, Dismissal of Plaintiffs' Claims with Prejudice, and Permanent Injunction. (ECF No. 64.) For the reasons stated below, the court grants RVLock's motion.

### BACKGROUND

Plaintiffs Aubes E-Commerce (Shanghai) Co., Ltd, Shenzhen Minshi Innovation Technology Co., Ltd., Guangzhou Qisheng Auto Co., Ltd., Dongguan Xiaoshuye Zhaoming Technology Co., Ltd., and Manche Limited (the Plaintiffs) filed a declaratory judgment action of non-infringement of U.S. Patent No. 9,085,919 (the '919 Patent) against RVLock on August 12,

1

2025, after Amazon delisted their products based on RVLock's patent infringement complaints. (ECF No. 2.)  At the time Plaintiffs filed their complaint, Plaintiffs were represented by a law firm in Texas and local counsel in Utah.  (See id.)  RVLock filed counterclaims against Plaintiffs alleging infringement of the '919 Patent and U.S. Patent No. 9,940,767 (the '767 Patent) by the products identified in the attached Exhibit 1.  (ECF No. 13.)  Plaintiffs then filed an amended complaint for declaratory judgment of non-infringement and invalidity of the '919 and '767 Patents and tortious interference with business relationships.  (ECF No. 25.)  RVLock filed its amended answer with accompanying counterclaims for patent infringement.  (ECF No. 31.)

After Plaintiffs served their initial disclosures, RVLock filed a short form discovery motion to compel Plaintiffs to supplement their initial disclosures.  (ECF No. 47.)  A week later, on March 17, 2026, Plaintiffs filed a motion for an extension of time to respond to RVLock's motion to compel and to respond to the interrogatories and requests for production that RVLock had served earlier.  (ECF No. 48.)  The court granted Plaintiffs' motion, imposing the following deadlines: (i) March 31, 2026, for Plaintiffs to respond to RVLock's motion to compel; (ii) April 22, 2026, for Plaintiffs to respond to RVLock's interrogatories; and (iii) April 24, 2026, for Plaintiffs to respond to RVLock's requests for production.  (ECF No. 49.)  Upon a stipulated joint motion for another extension of time filed on March 31, 2026, the court extended Plaintiffs' deadline to respond to RVLock's motion to compel and to serve their Initial Non-Infringement, Ineligibility, and Unenforceability Contentions to April 3, 2026, leaving all other deadlines unaltered.  (ECF No. 51.)

On April 3, 2026, Plaintiffs' Texas counsel filed a notice of withdrawal.  (ECF No. 52.) That same day, Plaintiffs' local counsel also filed a motion to withdraw.  (ECF No. 53.) RVLock filed a motion to strike Texas counsel's notice of withdrawal based on failure to comply

with DUCivR 83-1.4(b)(1).  (ECF No. 54.)  RVLock opposed Plaintiffs' local counsel's motion to withdraw, arguing that the net effect of both Texas and local counsels' withdrawal would leave Plaintiffs without counsel and RVLock without any means to contact Plaintiffs because communications with the client had only been through Texas counsel.  (See ECF No. 55 at 2.)

The court granted RVLock's motion to strike Texas counsel's notice of withdrawal on April 8, 2026, (ECF No. 57), and on April 9, 2026, Plaintiffs' Texas and local counsel filed a revised motion to withdraw and provided Plaintiffs' contact information.  (ECF No. 58 at 4.)  On June 2, 2026, the court granted Plaintiffs' revised motion to withdraw.  (ECF No. 61.)  The court instructed that "[w]ithin twenty-one (21) days after the entry of this order, new counsel shall file a notice of appearance on behalf of [Plaintiffs]."  (Id. at 2.)  The court stated that "[p]ursuant to DUCivR 83-1.3(c), an entity may not appear pro se" and then warned that "[i]f Plaintiffs fail to file a notice of appearance as set forth above, they may be subject to sanction pursuant to Rule 16(f)(1) of the Federal Rules of Civil Procedure, including but not limited to dismissal."  (Id. at 3.)

Plaintiffs' deadline for substitute counsel to file a notice of appearance on their behalf has passed, and no new counsel has appeared.  Plaintiffs failed to meet their April 3, 2026 deadline to respond to RVLock's motion to compel or to serve their Initial Non-Infringement, Ineligibility, and Unenforceability Contentions.  Plaintiffs also still have not responded to RVLock's interrogatories or requests for production due April 22 and April 24, 2026.  Plaintiffs' products remain delisted on Amazon.

## LEGAL STANDARDS

Rule 83-1.4(d) of the District of Utah's Local Rules of Civil Practice reads: "An unrepresented party who fails to appear within 21 days after entry of the order … may be

sanctioned pursuant to Fed. R. Civ. P. 16(f)(1), including entry of a default judgment or an order of dismissal."

Rule 16(f) of the Federal Rules of Civil Procedure instructs: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The referenced subsections of Rule 37 outline sanctions the court may impose, including "dismissing the action or proceeding in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(v)–(vi). When determining the proper sanction, the court considers: (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).

Under 35 U.S.C. § 283, courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." Motions for permanent injunction predicated on patent infringement involve substantive issues unique to patent law and are governed by Federal Circuit precedent. EcoNova Inc. v. DPS Utah, 2012 WL 5944257, at *3 (D. Utah Nov. 28, 2012) (citing Hybritech Inc. v. Abbott Labs., 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988)). Under Federal Circuit law, "[t]o be entitled to a permanent injunction, a patentee must show: (1) it has suffered an irreparable injury; (2) remedies available at law are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." Douglas Dynamics,

LLC v. Buyers Prods. Co., 717 F.3d 1336, 1344 (Fed. Cir. 2013) (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)).

### ANALYSIS

RVLock is entitled to default judgment on its counterclaims against Plaintiffs and dismissal of Plaintiffs' claims against RVLock with prejudice under Rule 16(f)(1) as a sanction for failure to comply with the court's June 2, 2026 order to appear through new counsel.

The Ehrenhaus factors support entry of a default judgment and dismissal in this case. First, there is a high degree of prejudice to RVLock. RVLock has been unable to seek redress for its alleged injuries asserted in its counterclaims or resolve Plaintiffs' claims against it because of Plaintiffs' failure to comply with the court's order or otherwise participate in the ongoing litigation. Second, Plaintiffs have interfered with the judicial process by their failure to comply with the order to appear. It is impossible for the case to proceed where one side refuses to participate in the litigation. Third, Plaintiffs are highly culpable. Plaintiffs have failed to secure new counsel despite having ample time to find new counsel in the intervening two months since the court's June 2, 2026 order was entered, and the previous two months when Plaintiffs knew counsel intended to withdraw. Fourth, Plaintiffs were expressly warned that failure to comply with the June 2, 2026 order could result in sanctions, including default judgment and dismissal. Finally, any sanction less than default judgment would be ineffective, given Plaintiffs' failure to appear or participate in this case since counsel withdrew. Because all these factors weigh in favor of default judgment and dismissal as a sanction, RVLock is entitled to default judgment against Plaintiffs on RVLock's counterclaims and dismissal of Plaintiffs' claims against RVLock with prejudice.

5

RVLock is also entitled to a permanent injunction enjoining Plaintiffs from making, using, offering to sell, or selling products that infringe the '919 and '767 Patents.

RVLock has suffered irreparable harm from Plaintiffs' sale of infringing products and will suffer injury in the future unless Plaintiffs are enjoined. RVLock and Plaintiffs directly compete, so at least some of the sales made by Plaintiffs meant a sale lost by RVLock. And Plaintiffs have never agreed to cease infringement, nor did they voluntarily delist their products. The threat of future infringement still exists because Plaintiffs could resume selling their infringing products on other platforms or again on Amazon if they somehow circumvented their current delisted status.

Legal remedies are insufficient to protect RVLock's patent rights. Without a permanent injunction, the threat of future infringement still exists. Monetary damages, moreover, would be very difficult to quantify given the fast-moving nature and operation of Amazon's marketplace and how that affects a product's competitive position. And all of the Plaintiffs are foreign entities who might not have assets in the United States from which a damage award could be collected.

The balance of harms favors RVLock. RVLock has invested substantial time, money, and effort developing and marketing its products covered by the '919 and '767 Patents. In contrast, Plaintiffs only started selling in 2025 and were delisted that same year. Moreover, even if permanently enjoined, Plaintiffs would still remain free to sell non-infringing recreational vehicle door handles.

The public interest favors protecting patent rights. While competition may generally serve the public interest, when an infringer competes in the marketplace using a competitor's patented technology, it has "the effect of inhibiting innovation and incentive." Douglas

6

Dynamics, 717 F.3d at 1346.  Therefore, the public interest favors protecting RVLock's patent rights.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.      RVLock's Motion for Default Judgment on Its Counterclaims, Dismissal of Plaintiffs' Claims with Prejudice, and Permanent Injunction (ECF No. 64) is GRANTED.

2.      The court enters default judgment on RVLock's counterclaims against the Plaintiffs.

3.      The Plaintiffs' claims against RVLock are dismissed with prejudice.

4.      The Plaintiffs are permanently enjoined from making, using, offering to sell, or selling products that infringe the '919 and '767 Patents, including the products identified in the attached Exhibit 1.

DATED this 7th day of August, 2026.

BY THE COURT:

_____
Tena Campbell
United States District Judge

7